1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| LeVAUGHN LEWIS, | ) | No. ED CV 16-1188-JAK (PLA) |
| Petitioner, | ) ) | **ORDER TO SHOW CAUSE RE: DISMISSAL** |
| | ) | **OF HABEAS PETITION AS BARRED BY** |
| v. | ) | **THE EXPIRATION OF THE STATUTE OF** |
| | ) | **LIMITATIONS** |
| STU SHERMAN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

LeVaughn Lewis ("petitioner") initiated this action on May 23, 2016, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet.") in the United States District Court for the Southern District of California.  The matter was transferred to this Court on the same date.  The Petition challenges petitioner's December 19, 1997, conviction in the San Bernardino County Superior Court, case number FSB-1419, for three counts of robbery in the second degree (Cal. Penal Code § 211).  (Pet. at 2).

The instant Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  <u>See</u>

Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

As stated above, petitioner was convicted on December 19, 1997.  (Pet. at 2).  His petition for review to the California Supreme Court was denied on December 21, 1999.  People v. Lewis, 1999 Cal. LEXIS 9155 (1999).  His conviction became final, therefore, on March 20, 2000, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired.  Petitioner filed the instant Petition on May 23, 2016.  On its face, therefore, it appears that the instant Petition is barred by the statute of limitations.

Based on the foregoing, petitioner is **ordered to show cause** why the instant Petition should not be dismissed as time barred.  Specifically, **no later than July 22, 2016,** petitioner must submit to the Court a response to this Order to Show Cause making clear his arguments, if any, as to why the Petition should not be dismissed as time barred.  All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

**Failure to respond by July 22, 2016, will result in the instant Petition being summarily dismissed with prejudice as barred by the statute of limitations**.

DATED:  June 13, 2016

_____
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[1]    Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

2